1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG GRISWOLD and ROBIN GRISWOLD, a husband and wife,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>CITY OF CARLSBAD, CALIFORNIA,<br><br>                                    Defendant. | CASE NO. 06cv1629WQH<br><br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

HAYES, Judge:

     The matter before the Court is Defendant City of Carlsbad's  September 1, 2006 motion to dismiss Plaintiffs' Complaint.  (Doc. #4).

## **Background**

     On  August 14, 2006, Plaintiffs Craig and Robin Griswold ("Plaintiffs") filed a Complaint against Defendant City of Carlsbad ("Defendant"), alleging violations of their rights as protected by the Fourteenth Amendment of the United States Constitution and Article XIIID of the California Constitution.

Plaintiffs allege the following: On August 1, 2000, Defendant enacted Ordinance NS-555 of the Carlsbad Municipal Code ("Ordinance"), which applies to any building project determined by the City to cost more than $75,000 and increase the size of the building. *Complaint* ¶ 6.  After Defendant determines these threshold requirements are met and the Ordinance applies to a building project, the property owner seeking to obtain a building permit must either pay an assessment for "necessary improvements" upon the property and along all street frontages ("Assessment") or defer the Assessment on the condition that the property owner sign and return a Neighborhood Improvement Agreement ("NIA"). *Id.* ¶¶ 8, 10, Exhibit 1.   The NIA requires property owners to agree to the following relevant conditions: (1) the City Council may include the property in an assessment district which may be formed to construct improvements, (2) the City may levy an assessment against the property for construction of improvements, (3) the owner must grant the City a proxy to act for and on behalf of the property owner, which runs with the land, and (4) the owner must waive his rights under the California Constitution to submit an assessment ballot for or against the imposition of assessments on property owners for purposes of street improvements and/or the formation of an assessment district. *Id.* ¶ 12, Exhibit 3.  Defendant will not issue a development permit for building projects subject to the Ordinance unless the property owner either pays the Assessment beforehand, or agrees to the conditions in the NIA. *Id.* ¶ 11.  In 2004, Plaintiffs applied for a building permit and Defendant determined the Ordinance applied because their improvements would add 1400 square feet to their home and would exceed the $75,000 threshold set in the Ordinance. *Id.* ¶ 16.  Defendant valued the Assessment at $114,979. *Id.* ¶¶15-16.  Defendant then proffered an NIA.   On May 20, 2005, after repeated protest of "the assessment of any 'improvement' cost on Plaintiffs' property," Plaintiffs signed the NIA. *Id.* ¶¶ 17-18.

Plaintiffs seek declaratory and injunctive relief declaring the Ordinance, insofar as it requires them to pay the Assessment or sign the NIA in order to receive a building permit, deprives them of their rights as protected by the Fourteenth Amendment of the United States Constitution and Article XIIID of the California Constitution.  Plaintiffs' Complaint

states the following claims for relief: (1) the conditions imposed by the NIA deprive Plaintiffs of the right to vote on the formation of an assessment district and the levy of an assessment of their property, in violation of the Equal Protection Clause of the Fourteenth Amendment,  (2) the scheme implemented by the Ordinance requires a property owner to choose between paying the amount assessed for improvements or foregoing the right to vote, in violation of the Equal Protection Clause of the Fourteenth Amendment, because it constitutes an illegal poll tax: only those "who are able to pay the full cost of improvements are permitted to exercise their right to vote," (3) the scheme implemented by the Ordinance deprives Plaintiffs of property, in violation of the Due Process Clause of the Fourteenth Amendment, because it places "an unconstitutional restriction on the Plaintiffs' right to vote, is a contract of adhesion implemented under color of state law, [and] requires Plaintiffs to pay an assessment fee if they wish to exercise their right to vote," and (4) the conditions imposed by the NIA deprive Plaintiffs of the right to vote on the formation of an assessment district and the levy of an assessment of their property, in violation of Article XIIID of the California Constitution.  *Complaint* ¶ 21-53.  Plaintiffs seek a declaratory judgment that the challenged laws are invalid, unenforceable and void.  *Complaint,* p. 1.

On September 1, 2006, Defendant moved to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Defendant asserts that the Complaint fails to state a claim for the following reasons: (1) Plaintiffs' Complaint is time-barred, (2) Plaintiffs' Complaint fails to state a ripe case or controversy for review, (3) Plaintiffs' Complaint fails to state a claim because they knowingly waived their rights pursuant to the assessment law, and (4) the Court should decline to take supplemental jurisdiction over the state law claim.

## Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings.

---

[1] On September 11, 2007, this case was transferred to this Court.  (Doc. #18).  This Court has reviewed the entire record, including the transcript of the April 17, 2007 oral argument before Judge Rhoades. (Doc. #12).

06cv1629

*See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level.  *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief.  *See id.* (citing Fed R. Civ. P. 8(a)(2)).

In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).  The court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the Court takes judicial notice.  *U.S. v. Richie,* 342 F.3d 903, 908 (9th Cir. 2003).

## Discussion

**I. Plaintiffs' Second and Third Claims for Relief are Time-Barred.**

Defendant  contends that Plaintiffs' second and third claims for relief are time-barred because this action was filed more than two years after these claims arose.[2] *Mot. to Dismiss,* p. 6.  Defendant contends that the injuries alleged in Plaintiffs' second and third causes of action arise out of Defendant's decision that the Ordinance applied and Plaintiffs would either have to pay the Assessment or defer payment of the Assessment by signing the NIA in order to obtain a building permit; that Defendant's decision that these conditions applied to Plaintiffs' building project was final by June 16, 2004; and that Plaintiffs knew of Defendant's decision to impose these conditions no later than June 16, 2004.  Defendant contends the statute of limitations began to run on June 16, 2004, and that these causes of action were time-barred.

---

[2] Because Plaintiffs concede they did not intend to make a facial challenge to the Ordinance, the Court will only address Plaintiffs' as-applied challenge. *Hearing,* p. 6.

Defendant relies on a letter dated January 10, 2005 from Carlsbad Deputy City Engineer Robert Wojcik to Plaintiff Craig Griswold, attached to Plaintiffs' Complaint. *Complaint,* Exhibit 4. The letter states in part:

> The City first received and, therefore, was first made known about your building plans with the submittal of a building application on May 25, 2004. On that application, a Mr. John Korelich is listed as the contact person. That contact person is whom the City deals with in the processing of the building permit application.
>
> On June 16, 2004, the City of Carlsbad Engineering Department completed its portion of the review of the building plancheck and submitted its comments to the Building Department. Those comments, along with the combined comments from other departments, were sent to Mr. Korelich on that same date, June 16, 2004. As part of the other comments sent to Mr. Korelich, a copy of the Building Plancheck Checklist was included. Item 6B, on that checklist reads as follows:
>
> "Construction of the public improvements [the Assessment] may be deferred pursuant to Carlsbad Municipal Code section 18.40. Please submit a recent property title report or current grant deed on the property and processing fee of $360 so we may prepare the necessary Neighborhood Improvement Agreement. This agreement must be signed, notarized, and approved by the City prior to issuance of a building permit."
>
> Therefore, your agent was first made aware of the requirements for an NIA, and the required processing fee and the appropriate Municipal Code section on June 16, 2004.

*Id.* Since the January 10, 2005 letter states that the Assessment may be deferred, Defendant contends that it demonstrates Plaintiffs were aware of the Assessment and the possibility of deferring the Assessment by signing the NIA no later than June 16, 2004. *Mot. to Dismiss,* p. 7.

Plaintiffs contend that the statute of limitations did not begin to run until May 24, 2005, the day Defendant actually granted the building permit to Plaintiffs, subject to the conditions in the NIA. *Plaintiff's Opposition,* p. 5. Plaintiffs do not dispute the assertion in the letter attached to the Complaint that they were aware that Defendant had determined the Ordinance applied to their building project, and that Defendant would require them either to pay the Assessment or sign the NIA in order to obtain their building permit, by June 16,

06cv1629

2004.  *Complaint*, Exhibit 4.  Plaintiffs do contend this determination did not constitute a "final decision regarding the conditions that would be imposed on [Plaintiffs] in exchange for a building permit."  *Opposition to Mot. to Dismiss,* p. 7.  Plaintiffs contend that the statute of limitations did not begin to run until May 24, 2005, the date Plaintiffs signed the NIA and Defendant actually granted the building permit, because they attempted to negotiate the requirements imposed in connection with obtaining their permit, and because Defendant could have subsequently revised the conditions contained in the NIA and/or the Assessment.  *Opposition to Mot. to Dismiss,* p. 5.

For statute of limitations purposes, claims brought under § 1983 are characterized as personal injury actions under the law of the state where the action commenced.  *Wilson v. Garcia,* 471 U.S. 261, 276-280 (1985).  In California, the statute of limitations applicable to § 1983 claims is two years.  *Id.;* Cal. Code Civ. Proc. § 335.1.  "A statute of limitations under § 1983, however, begins to run when the cause of action accrues, which is when the plaintiffs know or have reason to know of the injury that is the basis of their action."  *RK Ventures v. City of Seattle,* 307 F.3d 1045, 1058 (9th Cir. 2002).  In order to determine when a cause of action accrues, a court must identify the decision that forms the basis of the plaintiff's injury, assess whether that decision constitutes a final representation of the government's official position, and determine when the plaintiff became aware of the decision that caused the injury.  *Ricks,* 449 U.S. at 256; *Olson v. Idaho State Board of Medicine,* 363 F.3d 916, 927 (9th Cir. 2004).  The court must determine when the government makes the "operative decision" that forms the basis of plaintiff's injury, not when the decision is carried out.  *RK Ventures,* 307 F.3d at 1059; *see Ricks,* 449 U.S. at 259.  Although the operative decision must be final, [t]he mere possibility that a decisionmaker might reverse a final decision . . . does not delay the commencement of the running of the statute of limitations."  *Ricks,* 449 U.S. at 260

The core injury alleged in Plaintiffs' second and third causes of action is that Plaintiffs were required by the Ordinance to either pay an up-front assessment or forego the right to vote in order to obtain a building permit.  Plaintiffs contend that the Ordinance as

applied amounted to an illegal poll tax on their building project and deprived them of property without due process of law.  Complaint, ¶¶ 27-38.  The Court finds that Defendant's operative decision that commenced the statute of limitations was the decision to apply the Ordinance and require that Plaintiffs choose between paying the Assessment or signing the NIA in order to obtain a building permit.

Taking the facts in the light most favorable to Plaintiffs, the Complaint and attachments establish that Defendant's operative decision to apply the Ordinance and require Plaintiffs to either pay the Assessment or sign the NIA in order to obtain a building permit was final prior to June 16, 2004.  Plaintiffs assert Defendant could have revised conditions of the Assessment and/or the NIA prior to the date on which it granted Plaintiffs their building permit.  However, Defendant's decision need not be irrevocable to constitute a final operative decision for accrual purposes, provided the decision represents its official position. *See RK Ventures,* 307 F.3d at 1059; *Ricks,* 449 U.S. at 260.  Defendants determined Plaintiffs building project required the Assessment, and that the Assessment may be deferred by signing the NIA prior to June 16, 2004.  The precise requirements governing the voting conditions in the NIA and fee calculations for the Assessment are specified in the Carlsbad Municipal Code § 18.40.  Plaintiffs do not allege any facts to support the conclusion that Defendant would revise and negotiate conditions mandated by its Municipal Code, or that the City's decision to require Plaintiffs to pay the Assessment or sign the NIA was unofficial.  Defendant's decision to apply the Ordinance and require Plaintiffs to either pay the Assessment or sign the NIA as specified in the Municipal Code was "adequately final and represented [Defendant's] official position."[3]  *See RK Ventures,* 307 F.3d at 1060.

Finally, Exhibit 4 attached to the Complaint establishes that Plaintiffs were informed

---

[3] Plaintiffs rely on *Norco Construction, Inc. v. King County,* 801 F.2d 1143, 1146 (9th Cir. 1986), to support their claim that Defendant made no operative decision until it granted Plaintiffs' building permit.  In *Norco,* however, the operative decision was the actual denial of the permit because the injury claimed was a taking.  Here, *Norco* does not apply because the alleged illegality is not the granting or denial of a building permit but rather the conditions imposed in order to obtain a permit.

of Defendant's decision to apply the Ordinance to their building project by June 16, 2004. There are no facts alleged in the Complaint which support any inference that Plaintiffs were not aware of Defendant's operative decision to apply the Ordinance and require Plaintiffs to either pay the Assessment or sign the NIA to obtain a building permit by June 16, 2004.

The operative decision that caused the injuries alleged in Plaintiffs' second and third claims for relief occurred when Defendant decided to apply the Ordinance to Plaintiffs' building project and require Plaintiffs to either pay the Assessment or sign the NIA in order to obtain a building permit. Plaintiffs knew of Defendant's decision by June 16, 2004. These claims are time-barred because Plaintiffs did not file their second and third claims for relief until September 1, 2006, more than two-years after they became aware of this alleged injury. Accordingly, the Court **GRANTS** Plaintiffs' motion to dismiss Plaintiffs' second and third claims for relief.

**II. Plaintiffs' First and Fourth Claims for Relief are not Ripe.**

Defendant contends Plaintiffs' first and fourth claims for relief are unripe. Plaintiffs' first and fourth claims for relief contend the NIA deprives them of their right to vote on the formation of an assessment district, and therefore on whether property assessments shall be imposed on their property, in violation of the Fourteenth Amendment and Article XIIID of the California Constitution.[4] *Complaint* ¶¶ 12, 21-26, 45-53.

Defendant contends that Plaintiffs have failed to allege "an actual deprivation of a cognizable interest protected by the Constitution, and have not met their threshold burden of establishing an actual case or controversy within the meaning of Article III of the Constitution." *Motion to Dismiss,* p. 8-9. Specifically, Defendant contends that any injury to Plaintiffs' voting rights is abstract and speculative because Plaintiffs' Complaint fails to

---

[4] Unlike Plaintiffs' second and third causes of action, Plaintiffs' first and fourth causes of action attack only the terms of the NIA. Since Plaintiffs could have paid the Assessment and would therefore not have been subjected to the terms in the NIA at any time before they actually signed the NIA, the injuries alleged in Plaintiffs' first and fourth causes of action could not have occurred before May 23, 2005, the date on which Plaintiffs' signed the NIA. Therefore, these claims are not time-barred.

1  make any allegation of any threat that Defendant will form an assessment district and

2  impose an assessment on their property.

3        Plaintiffs contend that the injury to their voting rights is not speculative because

4  Article XIIID of the California Constitution entitles them to vote on the question of

5   whether an assessment district shall be formed in the first place, and the NIA, which they

6  signed on May 23, 2005, explicitly deprives them of any voice on that issue.  *Opposition to*

7  *Mot. to Dismiss,* p. 12.  Pursuant to the NIA, property owners grant the City a proxy to act

8  on their behalf in support of the formation of an assessment district, which Plaintiffs allege

9  deprives them of their voting rights.  *Complaint,* Exhibit 3.  Plaintiffs contend that they

10  need not wait for Defendant to attempt form an assessment district in order to have a ripe

11  claim because enforcement of the NIA is inevitable.  *Opposition to Mot. to Dismiss,* p. 11.

12  Plaintiffs also contend that the case is ripe because "it presents a purely legal question

13  which would not be refined by further development of the facts," and is therefore currently

14  fit for judicial resolution.  *Id.* at 8.

15

16        To invoke the jurisdiction of the federal courts, a claimant must satisfy the threshold

17  requirement imposed by Article III of the Constitution by alleging an actual case or

18  controversy.  *L.A. v. City of Lyons,* 461 U.S. 95, 101 (1983).  To satisfy this requirement, a

19  claimant must show they "[have] sustained or [are] immediately in danger of sustaining

20  some direct injury" as a result of the defendant's conduct, and that the injury or threat of

21  injury is "real and immediate," not "conjectural" or "hypothetical." *Id.* (quoting *Golden v.*

22  *Zwickler,* 394 U.S. 103, 109-110 (1969)).  Abstract injury is insufficient.  *Id.*  A claim is

23  not ripe if it rests upon "contingent future events that may not occur as anticipated, or

24  indeed may not occur at all."  *Thomas v. Union Carbide Agricultural Products Co.,* 473

25  U.S. 568, 581 (1985).  However, a case may be ripe before the plaintiff actually suffers the

26  threatened injury, provided that the threatened injury about which a plaintiff complains

27  must be "certainly impending" or "inevitable."  *Babbitt v. United Farm Workers Nat'l*

28  *Union,* 442 U.S. 289, 298-99 (1979); *The Reg'l Rail Reorganization Act Cases,* 419 U.S.

102, 143 (1974).

The Court finds that Plaintiffs' first and fourth claims for relief fail to allege facts to support a threatened injury that is "certainly impending" or "inevitable."  Plaintiffs' Complaint alleges no facts to support any allegation Defendants have formed or intend to form an assessment district, a failure that is fatal to their first and fourth causes of action.  If Defendant decides to hold an election on the formation of an assessment district, and if Plaintiffs at that time are denied the right to vote in that election, Plaintiffs may incur an injury for which they may seek redress.  Since any deprivation of Plaintiffs' right to vote is contingent on the occurrence of these factors, and there is no allegation that the occurrence of these factors is certainly impending, any injury to Plaintiffs is speculative and their claims are therefore unripe.  *See Texas v. U.S.,* 523 U.S. 296, 300 (1998).

The NIA provides that "[n]o assessment district shall be formed until the completion of the alternative streets design process adopted by resolution of the City Council." *Complaint,* Exhibit 3.  Plaintiffs include in their Complaint a letter from Carlsbad Deputy City Attorney informing them that the "alternative street design process has not currently been initiated . . . and the City does not have any plans to do so."  *Complaint,* Exhibit 4. Without any allegation that the City has even taken any initial steps toward forming an assessment district, there is no "certainly impending" or "inevitable" election, and without an election, any allegation that Plaintiffs have been denied the right to vote is speculative.

Finally, even assuming that Plaintiffs' claim presents only a legal question, which would not be refined by further development of the facts, this alone does not make their case ripe.  *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 149 (1967).  *Abbott Laboratories* requires a court deciding a ripeness issue to consider the "fitness of the issues for judicial decision *and* the hardship to the parties of withholding court consideration." 387 U.S. at 149 (emphasis added).  The regulation at issue in *Abbott Laboratories,* despite not being enforced against the plaintiffs, required either immediate and significant change in plaintiffs' conduct of their affairs or the risk of potentially serious penalties for

noncompliance with the regulation. *Id.* at 153. Therefore, the Court found that withholding judicial consideration regarding the validity of the regulation would cause extreme hardship to the plaintiffs. *Id.* Here, Plaintiffs will not suffer similar hardship if their "purely legal question" is not presently resolved. Plaintiffs have built their improvements. Plaintiffs have no downside until Defendant initiates the process for creating an assessment. This may never occur. Thus, rendering a decision at present would not cause hardship to Plaintiffs and would constitute an advisory opinion.

In sum, Plaintiffs allege in their first and fourth claims for relief that the NIA deprives them of the right to vote on the formation of an assessment district and the imposition of an assessment on their property. However, Plaintiffs' Complaint contains only allegations of speculative injuries that are contingent on a number of events which may or may not occur. Accordingly, Plaintiffs' first and fourth causes of actions are unripe. Therefore, the Court **GRANTS** Plaintiffs' motion to dismiss claims one and four.

### Conclusion

IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiffs' Complaint (Doc. #4) is GRANTED.

DATED:  September 27, 2007

**WILLIAM Q. HAYES**
United States District Judge